IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL SUI MAN LAM and LAI FONG LEE, | No. C 08-4413 SI |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO SEVER AS MOOT** |
| v. | |
| MID-CENTURY INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

Plaintiffs' motion for remand and defendant's motion to sever are scheduled for a hearing on December 12, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiffs' motion for remand and DENIES AS MOOT defendant's motion to sever.

**BACKGROUND**

Plaintiffs Carol Sui Man Lam and Lai Fong Lee filed the original complaint in state court against defendants Mid-Century Insurance Company, a California insurer, and Tak Tsui, an insurance agency doing business in California. Frye Decl. Ex. 1. The complaint alleged that Mid-Century wrongfully rescinded plaintiffs' homeowners policy and refused to pay for property damage to plaintiff's property located at 149 Mangels Avenue in San Francisco. *Id*. ¶ 8. The complaint alleged claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Mid-Century, and a claim for breach of insurance broker's duties against Tak Tsui.

On August 12, 2008, plaintiffs filed an amended complaint in state court adding American Security Insurance Company ("ASIC") as a defendant. Frye Decl. Ex. 2. ASIC insured plaintiffs' home through a policy issued to the lender holding the mortgage on the property. Kroll Decl. ¶¶ 13-18, Ex. F. The amended complaint alleges that plaintiffs made a claim to ASIC for the same property loss, and that ASIC wrongfully denied the claim on April 2, 2008. Frye Decl. Ex. 2 ¶¶ 11-13. As with the claims against Mid-Century, the amended complaint alleges claims for breach of contract and breach of the implied covenant of good faith and fair dealing against ASIC.

On September 19, 2008, ASIC, which is a Delaware corporation, removed this case to this Court on the basis of diversity jurisdiction. ASIC asserts that the two California defendants were "fraudulently misjoined," and that ASIC should be severed and allowed to proceed in this Court. Plaintiffs have filed a motion to remand this case to state court, and ASIC has filed a motion to sever.

**LEGAL STANDARD**

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

The party that seeks to remain in federal court has the burden of proof on a motion to remand to state court. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The Ninth Circuit has held that "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

**DISCUSSION**

Plaintiffs move to remand this case on the ground that there is no diversity jurisdiction because

Mid-Century and Tak Tsui are both California residents, and because the California defendants did not consent to removal. Defendant ASIC contends that removal is proper under the doctrine of "fraudulent misjoinder" because the claims against ASIC are wholly different than the claims against Mid-Century and Tak Tsui. Defendant contends that because Mid-Century and Tak Tsui were fraudulently misjoined, ASIC was not required to obtain their consent to removal.

Defendant relies on *Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot, Inc*. 204 F.3d 1069, 1072 (11th Cir. 2000). *Tapscott* involved two groups of plaintiffs who sued separate groups of defendants in state court on almost entirely separate legal grounds. *Id*. at 1360. After diverse defendants removed the case to federal court, the plaintiffs moved to remand on the ground that there was no diversity jurisdiction. The district court found that the requirements for joinder under Rule 20 were not met because the plaintiffs did not allege that the defendants were jointly liable, and the claims against the different defendants arose out of different transactions. *Id*. The district court held there was an "improper and fraudulent joinder, bordering on a sham," disregarded the non-diverse citizenship of the improperly joined parties, assumed jurisdiction over the diverse parties, and severed and remanded the remainder of the case to state court. *Id*. The Eleventh Circuit affirmed, holding that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action," and that "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." *Id*.

Defendant ASIC contends that the claims against Mid-Century and Tak Tsui have been fraudulently joined because ASIC's policy is a lender-placed policy, while plaintiffs' claims against Mid-Century and Tak Tsui arise out of a homeowner's policy. Defendant contends that the claims against ASIC implicate different causes of action, witnesses, corporate designees, claim practices, manuals, guidelines, and insureds. Defendant also argues that plaintiffs' claims against Mid-Century differ because Mid-Century rescinded the homeowner's policy based on plaintiffs' alleged failure to disclose structural defects at the property, while ASIC denied coverage based on the fact that plaintiffs did not notify ASIC of the loss until several months after the property was destroyed, affording ASIC no opportunity to investigate. *See* Kroll Decl. Ex. C (ASIC's denial letter).

3

Plaintiffs argue that this Court should not recognize "fraudulent misjoinder" because the Ninth Circuit has never adopted that doctrine. Plaintiffs contend that the Ninth Circuit only recognizes one exception to the requirement of consent and complete diversity in a removed case: "fraudulent joinder," meaning that "[i]f the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Here, ASIC does not argue that plaintiffs cannot state a claim against either Mid-Century or Tak Tsui. Plaintiffs further contend that even if the doctrine of fraudulent misjoinder was valid in the Ninth Circuit, it is not applicable here because plaintiffs' claims against all defendants arise out of the same transaction.

The Court finds it unnecessary to decide whether fraudulent misjoinder is a viable doctrine in this Circuit because even if the Court were to adopt *Tapscott*, the Court finds that there is no fraudulent misjoinder here. As the Eleventh Circuit emphasized, fraudulent misjoinder requires more than "mere misjoinder," and that court applied the doctrine to a case where the plaintiffs did not even attempt to justify the joining of various unrelated defendants. *Tapscott*, 77 F.2d at 1360. In contrast, here plaintiffs' claims against defendants arise out of the same "transaction" as required under either federal or California law[1]: both ASIC and Mid-Century insured plaintiffs' property, plaintiffs sought coverage from both insurers for the same property loss, and both insurers denied coverage. Plaintiffs have alleged claims for breach of contract and breach of the covenant of good faith and fair dealing against both insurers. The fact that ASIC and Mid-Century may have different defenses to those claims, or that ASIC and Mid-Century use different claims procedures, is to be expected in a case involving multiple insurers. These differences do not alter the fact that plaintiffs' claims against defendants all arise out of the same property loss, and defendants' denial of coverage for that loss. *See*, *e.g.*, *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1129 (E.D. Cal. 2004) (claims against disability insurer and homeowner's insurer over mold contamination met California test for joinder). Further, some of the

---

[1] The parties dispute whether the Court should apply federal or California joinder rules to determine whether all parties were properly joined in this action. However, both parties agree that under either test, defendants may be joined if plaintiffs' claims arise out of the same "transaction." *See* Fed. R. Civ. Proc. 20(a)(2)(A); Cal. Code Civ. Proc. § 379(a)(1). Because the Court concludes that plaintiffs' claims against defendants arise out of the same "transaction," the Court need not resolve the parties' dispute about which law governs the analysis.

4

alleged differences – such as the fact that different witnesses and different corporate designees will be involved in plaintiffs' claims against the three defendants – will be present in *any* case with multiple defendants, and is not a basis for finding misjoinder.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion for remand and REMANDS this case to the Superior Court of the State of California, County of San Francisco. (Docket No. 19). The Court DENIES as moot defendant's motion to sever. (Docket No. 28). The Court DENIES plaintiffs' request for attorneys' fees.

**IT IS SO ORDERED.**

Dated: December 3, 2008

SUSAN ILLSTON
United States District Judge